# United States Bankruptcy Court
## District of Massachusetts

| | |
|---|---|
| In re:<br><br>CK Liquidation Corporation<br>(f/k/a/ CADKEY Corporation),<br><br>Debtor | Chapter 7<br>Case No. 03-44906-HJB |

### ORDER

WHEREAS, on or about April 1, 1998, Baystate Technologies, Inc. (the predecessor of CK Liquidation Corporation f/k/a Cadkey Corporation [the "Debtor"]) entered into an agreement with FastSURF, Inc., Robert White and David Reyburn whereby Baystate acquired certain computer software and agreed to pay White and Reyburn royalties on subsequent sales of software products incorporating the purchased software (the "Acquisition Agreement"); and

WHEREAS, on August 22, 2003 (the "Petition Date"), the Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code and, on March 4, 2004, the case was converted to a case under Chapter 7; and

WHEREAS, by order of November 6, 2003, this Court approved a sale of substantially all of the Debtor's assets, which sale closed on or about December 3, 2003; and

1

WHEREAS, White claims to be owed monies due under the Acquisition Agreement for royalties which accrued both before and after the Petition Date through the closing of the sale; and

WHEREAS, White has filed an "Application for Payment of Priority Administrative Claim" (the "Application") and maintains that:

1. the Acquisition Contract is not an executory contract withing the meaning of 11 U.S.C. § 365;[1] and

2. the estate derived a post-petition benefit from its post-petition sales employing the software obtained under the Acquisition Agreement, and therefore White is entitled to an administrative claim under 11 U.S.C. §§ 503(b)[2] and 507(a)(1);[3]

---

[1] The parties agree that the Acquisition Agreement was not executory and, in the light of the fact that the transfer of the software was completed pre-petition and only the payment obligation remained, the Court agrees with their conclusion.

[2] 11 U.S.C. § 503(b), as applicable to the instant case (filed prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005)), provides:

. . .
(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including —
> (1) (A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

. . . .

[3] 11 U.S.C. § 507(a)(1), as applicable to the instant case, provides:

(a) The following expenses and claims have priority in the following order:
> (1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

. . . .

2

and

WHEREAS, the Chapter 7 trustee opposes the Application and maintains that royalty payments due, if any, are general unsecured claims against the estate and are not entitled to administrative priority; and

WHEREAS, it is well-settled that "for a claim to qualify as an administrative expense under subsection 503(b)(1), (1) it must have arisen from a transaction with the trustee or debtor in possession, rather than from a prepetition transaction with the debtor, *and* (2) the consideration supporting the claim must have benefitted the estate in some demonstrable way." Mason v. Official Comm. of Unsecured Creditors (In re FBI Distrib. Corp., 330 F.3d 36, 42 (1st Cir. 2003) (emphasis added); see also Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.), 536 F.2d 950, 954 (1st Cir.1976); and

WHEREAS, White was not engaged in any post-petition transaction with the Debtor; rather, he claims only that his pre-petition transaction with the Debtor benefitted the post-petition estate;

Now, therefore, the Court FINDS AND RULES that White has failed to establish that his claim, if any, for royalties satisfies the conditions necessary to establish priority under §§ 503(b) and 507(a)(1). Accordingly, the "Application for Payment of Priority Administrative Claim" is DENIED.

Dated: May 9, 2006

_____
Henry J. Boroff
United States Bankruptcy Judge

3