# United States Bankruptcy Court
# District of Massachusetts

|                                      )  |                          |
| ------------------------------------ | ------------------------ |
| In re:                               ) | Chapter 7                |
|                                      ) | Case No. 03-44906-HJB    |
| CK Liquidation Corporation           ) |                          |
| (f/k/a/ CADKEY Corporation),         ) |                          |
|                                      ) |                          |
| Debtor                               ) |                          |

## MEMORANDUM OF DECISION

Before this Court is a request by Robert White ("White") – a creditor and frustrated bidder for the assets of CK Liquidation Corporation (then known as CADKEY Corporation) (the "Debtor") – that this Court vacate its order of November 6, 2003, authorizing a sale of substantially all of the Debtor's assets to Kubotek Corporation. Styled as a "Motion to Vacate Sale Order," the title conveys no hint that White actually asks this Court to reconsider its previous denials of the same request for relief. White has attempted to reverse the sale to Kubotek Corporation since November of 2003, taking his arguments to this Court, the United States District Court for the District of Massachusetts, the First Circuit Court of Appeals and the United States Supreme Court. His efforts have borne no fruit. But he *has* succeeded in dissipating assets of the bankruptcy estate, forcing estate functionaries to oppose each of his frivolous requests and appellate ventures. A more complete history of these events was catalogued by this Court in its Memorandum of Decision dated March 20, 2006, in

1

explanation of its order of the same date, denying White's request to proceed *in forma pauperis* with regard to yet another appeal. See In re CK Liquidation Corp., 339 B.R. 283 (Bankr. D. Mass. 2006).

In order to deal with the untimeliness of the present motion (hereafter, the "Motion to Vacate"), White cloaks his arguments within Rule 60(b)(4)[1] of the Federal Rules of Civil Procedure. That rule provides that a party may seek relief from a final order if "the judgment is void," but provides no specific time limitation for the bringing of such a request. However, the motion must be made "within a reasonable time." Fed. R. Civ. P. 60(b). As for his underlying arguments, White raises two types. First, he notes that his claim against the Debtor is for royalties arising from a pre-petition contract under which he had sold certain intellectual property to the Debtor. White says that because his contractual rights to the royalties were not "executory" within the meaning of 11 U.S.C. § 365, they could not be rejected; therefore, his right to royalties could not be converted into a "claim" under 11 U.S.C. § 501 without "notifying White which of the provisions of § 363(f)(1-5) converted White's contract into a claim, when in fact none do . . . ." Because no such notice was given, White maintains, he was denied due

---

[1] Federal Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:

. . .

(4) the judgment is void . . . .

. . .

The motion shall be made within a reasonable time . . . .

Subject to exceptions not here relevant, Federal Rule 60 applies in bankruptcy cases. See Fed. R. Bankr. P. 9024.

2

process. Second, he argues that the sale offended "conscience and justice," "violated [his] interest in the Debtor's property," left his "interest intact," and violated the "absolute priority rule."

The Chapter 7 trustee (the "Trustee") and Kubotek Corporation have each opposed the Motion to Vacate. Their objections are well made. White's arguments simply lack merit.

A Federal Rule 60(b)(4) motion must be made within a reasonable time. The present Motion to Vacate was not. Over two and one-half years have passed since the issuance of the challenged order. White never obtained a stay pending appeal. Undoubtedly, the assets have now become well integrated into Kubotek's business. None of the issues raised by White is newly discovered. They have either been raised in some form and denied, or could have been raised as early as the sale hearing itself and were not. Moreover, "[a] judgment is not void merely because it is or may be erroneous . . . [a] judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the court lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." <u>United States v. Boch Oldsmobile, Inc.</u>, 909 F.2d 657, 661 (1st Cir. 1990). There is no question that the Court had jurisdiction to enter the sale order and now has jurisdiction to determine White's claim, if any. <u>See</u> 28 U.S.C. § 1334(b); 28 U.S.C. § 157(b)(2)(B) and (N).

White's underlying arguments have no greater force of reason. The parties agree that the contract between White and the Debtor was not executory. Accordingly,

White's claim for royalties, if any, is a general unsecured claim,[2] and he was entitled to no specific notice that his claim would be so treated, any more than any other unsecured creditor was entitled to notice of the treatment of its claim. It is not disputed that White was given timely notice of the sale. Indeed, his then attorney attended the sale hearing and objected on other grounds. White's reference to the absolute priority rule is misplaced. The "absolute priority rule" is a colloquialism describing the right of a debtor to have a Chapter 11 plan confirmed over the objection of a dissenting class of unsecured creditors by meeting a condition described in 11 U.S.C. § 1129(b)(2)(B)(ii). The absolute priority rule has no application here, as the Debtor's assets were sold under § 363 of the Bankruptcy Code, and not pursuant to a Chapter 11 plan. White's remaining arguments are equally meritless, being derivative of those made in connection with White's previous efforts to have the sale vacated, which arguments have been considered and rejected by this Court and those courts on review.

For these reasons, White's Motion to Vacate must be denied. But, in his opposition, the Trustee asks for more. The Trustee notes the plethora of motions, oppositions, responses and other papers filed by White and asks the Court to stop this abuse of and interference with the estate's administration. This is not the first such request by the estate's representative. Earlier in the case, the predecessor Chapter 7 trustee asked the Court to bar further filings by White. See In re CK Liquidation, 339 B.R. at 288. This Court was reluctant to elect that option when first presented, viewing such a bar as a drastic remedy and satisfied that White's actions could be controlled by

---

[2] White's equally frivolous motion to have his claim treated with administrative priority under 11 U.S.C. § 507 has been denied by order of even date.

4

resort to Bankruptcy Rule 9011, if necessary.[3] Id. This Court was wrong. The subsequent travel of this case has demonstrated White's success to date in shielding himself from such orders. He has declined to pay monetary sanctions issued for Bankruptcy Rule 9011 sanctions, declaring himself judgment-proof.[4] He has largely ignored orders holding him in contempt of court and has even tolerated incarceration, notwithstanding his ability to pay the rather modest sanctions ordered by this Court to date. In fact, he continued to file papers while incarcerated. This Court has already determined that "the various forms of relief requested by White have long ago moved beyond frivolous to the malicious and vexatious." Id.

The Court can not allow White to continue punishing the estate functionaries for his lost opportunity to purchase the Debtor's assets. Current circumstances require this court to adopt the approach urged by the Trustee. However, such an approach must be geared to protecting the estate from White's machinations while still preserving his

---

[3] Federal Rule of Bankruptcy Procedure 9011 requires *pro se* parties to sign motions and other pleadings filed with the court. See Fed. R. Bankr. P. 9011(a). By their signature, the party represents that the filed paper "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –

> (1) [ ] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law;
> . . . .

Fed. R. Bankr. P. 9011(b)(1) and (2). If the Court finds that Bankruptcy Rule 9011(b) has been violated, it may issue appropriate sanctions to deter further violations of the rule. See Fed. R. Bankr. P. 9011(c).

[4] Notwithstanding his claims of poverty, White has managed to travel routinely from California to Massachusetts to attend hearings.

rights. Three distinct questions must be addressed. Does a court have the authority to bar a creditor from filing papers? How should such an order be crafted? And how should such an order be enforced? The Court turns to each of these in turn.

It is well-settled that a federal court may, in appropriate circumstances and with a well-tailored order, prospectively bar an abusive *pro se* litigant from filing papers. "Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993); Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985); Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), cert. denied 449 U.S. 829 (1980). A sufficient record must be established to support and justify such an order. Cok, 985 F.2d at 35. The litigant must be warned that such filing restrictions are being contemplated and given an opportunity to oppose them. Id. There should be no reasonable alternative. Id. at 36. And the restrictions must not be of unlimited breadth. Id. They must be tailored to deal with the problems identified by the Court.

Here, the Court has already established a record of actions by White that more than justify and, indeed, mandate a judicial response. See In re CK Liquidation, 339 B.R. 283. White was served with the Trustee's request for a bar against filings. See "Objection of Chapter 7 Trustee to Robert White's Motion to Vacate Sale Order," para. 18.[5] He had an opportunity to speak to that request at the hearing on the Motion to

---

[5] In fact, White also had notice of this Court's regret at not having issued such an order when first requested by the predecessor Chapter 7 Trustee. In re CK Liquidation, 339 B.R. at 288, n.12.

6

Vacate, but failed to do so. There is no reasonable alternative to such restrictions. Monetary sanctions have been ignored. Contempt sanctions have been ineffective.

This Court is left to craft a restriction that will minimize impediments to White's access to the federal court, while still maximizing protection for the estate against a further dissipation of estate assets. First, any restriction should apply only to filings which are made *pro se*. Presumably, an attorney will be more wary of filing a frivolous pleading found to be a violation of Bankruptcy Rule 9011 and the Court will be more effective in enforcing sanctions. Second, the restriction should apply only to requests for relief relative to *this* estate. There is no evidence that White has acted abusively or is even a party in any other case. Third, it would be inappropriate were this Court to restrict White's defense with respect to any matter where he is involuntarily drawn into a dispute as a named respondent or defendant. And fourth, this Court should not, and can not, restrict any filings which are incident to an appeal by White from any order of this Court.

Accordingly, this Court will bar White from filing, *pro se*, any papers in this Chapter 7 case, except those which relate to: 1) any matter in which he is a named respondent or defendant; or 2) an appeal of any order of this Court.

Finally, this Court has already complained of its difficulty enforcing its orders designed to reduce frivolous filings by White. Any order which simply enjoins White from filing such papers is subject to the same infirmities. Presently, the Clerk of this Court must accept all papers submitted – and, upon their filing, other parties are compelled to respond. The Court must break that cycle. Accordingly, the Court will order that, upon the filing of any paper by White which violates the terms of the

restrictions set forth above, the Court will strike the papers with the following endorsement: "Struck in accordance with Court order dated May 9, 2006." A response by any other party in the case shall be excused. Furthermore, upon entry of any such order striking a paper filed by White in accordance herewith, the Court shall accrue, without further order or hearing, an automatic sanction of $1,000.00, payable to the Trustee on behalf of the estate. Those sums will accrue until the Trustee requests calculation of a final liquidated amount. Once liquidated, the Trustee shall first offset such amount against any dividend payable to White on account of any claim which he may have in the case, and then either collect or sell the remaining obligation in accordance with 11 U.S.C. § 363.

## CONCLUSION

It is the obligation of the courts of the United States to provide free and open access to those who seek relief under the Constitution and the laws of the United States. It is the concomitant obligation of those courts to protect the integrity of their processes from those who would abuse the courts to further their improper ends.

The Motion to Vacate Sale Order, filed by Robert White, is DENIED. Restrictions, as described above, will be put in place to reduce his opportunity for filing frivolous papers in the future.

An order will issue forthwith in conformity with this Memorandum of Decision.

DATED:    May 9, 2006

_____
Henry J. Boroff
United States Bankruptcy Judge